McLaren, Assignee, Respondent, vs. Terry, Appellant.

*December 19, 1891 — January 12, 1892.*

*Corporations: Stock subscription: Release: Evidence.*

In an action upon a subscription to the stock of a corporation, the evidence is *held* not to sustain the defendant's claim that he had induced another person to take a part of the stock, and that the corporation had thereupon released him from further liability.

APPEAL from the Superior Court of *Milwaukee* County.

Action by the respondent, as assignee of the Koll Manufacturing Company, an insolvent corporation, to recover of appellant the purchase price at par of seventy-five shares of stock of the said corporation, at $25 per share.

It was undisputed that the appellant, *Terry*, on the 14th day of January, 1888, signed a written subscription for 167 shares of said capital stock, in which he agreed to himself

take or to sell to others said 167 shares of stock. Within a short time thereafter the appellant took and paid for ninety-two shares of such stock, and on June 4, 1888, sold the same, together with a considerable number of shares previously purchased, to one Morris. On the 6th of June, 1888, Morris purchased of the corporation seventy-two shares of its stock. *Terry* never took nor paid for the remaining seventy-five shares of stock subscribed by him January 14, 1888, but he claims that Morris agreed with him to take and pay for the same, and that in pursuance of such agreement Morris took and paid for the seventy-two shares aforesaid, and in consideration thereof the corporation released and discharged him from all further liability upon his subscription. There was a trial before a jury, and a verdict directed and rendered for the respondent for the par value of said seventy-five shares of stock, with interest, and from judgment thereon defendant appeals.

For the appellant there was a brief by *Rietbrock & Halsey* and *J. C. McKenney*, and oral argument by *L. W. Halsey* and *J. C. McKenney*.

For the respondent there was a brief by *Miller, Noyes & Miller*, and oral argument by *B. K. Miller, Jr.*

WINSLOW, J. The appellant admits that he subscribed for 167 shares of stock in the defunct corporation, and admits that he took and paid for only ninety-two shares thereof; but he claims that he procured Morris to purchase seventy-two shares, and that the corporation thereupon released him. Both of these claims are untenable, under the evidence. The appellant himself testified that he could not say that he induced Morris to subscribe for stock, and that Morris did not agree with him to put in any capital. There is absolutely no evidence that the corporation ever released the appellant from his agreement.

*By the Court.*— Judgment affirmed.